UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRICK PASCO,

    Plaintiff,

v.                                                    Case No. 3:22cv559-LC-HTC

NURSE A. CARTER,
NURSE D. MCCLOUD, and
NURSE L. DAVIS,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Before the Court is Plaintiff Derrick Pasco's *pro se* amended complaint under 42 U.S.C. § 1983 alleging Defendants gave him, what he believes to have been, excessive units of insulin. ECF Doc. 8. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon screening the amended complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommends this action be DISMISSED, *sua sponte*, for failure to state a claim for which relief can be granted.

As discussed more below, the Court issued an amend order to Plaintiff after reviewing his initial complaint and identified for Plaintiff the deficiencies in his

allegations, including specifically directing Plaintiff that he cannot state a claim against the Defendants in their official capacity without facts showing that a policy or custom of the Defendants' employer was the motivating force behind his alleged constitutional violation. Plaintiff, however, took nothing away from the Court's prior order as Plaintiff did not make any substantive amendments to his allegations. Thus, the undersigned finds another opportunity to amend to be futile. *See Tanner v. Neal*, 232 F. App'x 924, 924-925 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's order directing amendment and warning of consequences for failure to comply).

## I. BACKGROUND

Plaintiff, an inmate at Okaloosa Correctional Institution, initiated this action against Defendants Nurse A. Carter, Nurse D. McCloud, and Nurse L. Davis for deliberate indifference to a serious medical need under the Eighth Amendment. He sues the Defendants only in their official capacity. According to Plaintiff, the nurses are, or were, employees of Corizon Correctional Healthcare ("Corizon").

The Court screened Plaintiff's initial complaint and found it to be deficient for several reasons. Namely, Plaintiff failed to identify a policy or custom against Corizon to support his official capacity claims. ECF Doc. 5 at 6-9. Additionally, the Court explained that even if the Court were to construe Plaintiff's allegations as

seeking to sue Defendants in their individual capacity, such claims would also fail. Plaintiff failed to allege a serious medical need or that Defendants acted with subjectively culpable intent. *Id*. at 9-13. The Court also noted that Plaintiff's complaint included conclusory allegations of racial prejudice, and his allegation of possible future harm was speculative, and thus, insufficient to state a claim for compensatory and punitive damages. *Id*. at 13-16.

Despite these deficiencies, because Plaintiff is proceeding *pro se,* rather than recommend dismissal, the Court allowed Plaintiff an opportunity to amend the complaint. However, in disregard of the Court's 16-page amend order, Plaintiff filed an amended complaint that contained no substantive changes or additions to the factual allegations that were in his original complaint. Instead of more carefully crafting his complaint, as the Court directed him to do, Plaintiff simply resubmitted the same claims and allegations with the following caveat:

> As Plaintiff is not an attorney and is an inmate in the Florida Department of Corrections ("FDC") proceeding *pro se*, and per note of court, is instructed to not cite case law or argue, Plaintiff will do his very best to convey to this Court the events that led to the filing of this 42 U.S.C. § 1983 action.

While the Court can, and should, liberally construe Plaintiff's complaint, the Court cannot rewrite Plaintiff's complaint. *See Pontier v. City of Clearwater, Fla.,* 881 F. Supp. 1565, 1568 (M.D. Fla. 1995) ("A court cannot rewrite an inadequate complaint to plead essential allegations in order to sustain an action. This is true even in cases involving pro se litigants."). The Court also cannot excuse Plaintiff

from the requirement that he state a claim simply because he is *pro se*. *See Johnson v. Unified Gov't of Athens-Clarke Cnty.*, 209 F. Supp. 3d 1335, 1337 (M.D. Ga. 2016) ("[A] *pro se* litigant is not exempt from complying with relevant rules of procedural and substantive law. Nor does this latitude given to *pro se* litigants require the Court to re-write a deficient complaint."). The Court also cannot find a claim where there is none. "[E]ven in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

The Court did not ask Plaintiff to cite case law or make argument, and none would be appropriate in a complaint. Instead, the Court advised Plaintiff of the elements he must prove to state either an individual or official capacity claim against the Defendants and allowed Plaintiff an opportunity to amend the complaint to set forth facts from which the Court could reasonably infer the existence of those elements. Plaintiff, however, has not done that.

## II.   AMENDED COMPLAINT

The following is a verbatim recitation of the facts in the amended complaint:

On Thursday, September 23, 2021, at approximately 4:10 p.m., Nurse A. Carter administered twenty-two (22) units of NPH Insulin. Plaintiff was only supposed to receive two (2) units in the evening. On Saturday, October 2, 2021, at approximately 5:20 p.m., Nurse D. McCloud administered thirty-two

(32) units of NPH Insulin. Plaintiff was only supposed to receive two (2) units in the evening. On October 31, 2021, at approximately 6:45 p.m., Nurse L. Davis administered twenty-eight (28) units of NPH Insulin. Plaintiff was only supposed to receive two (2) units in the evening hours.

These actions amount to nothing less than deliberate indifference and medical negligence as all three (3) nurses were well aware of what Plaintiff's prescribed dosage of NPH was to be because the M.A.R.S. with Plaintiff's name, DC Number, and daily blood sugar readings, along with proper dosage information was right in front of them at the time of the overdosing of NPH Insulin. Their carelessness and complete disregard for Plaintiff's safety, health and welfare as one of their patients is, to say the least, unconscionable. Plaintiff is in fear of his life because the disparity from two (2) units to twenty-two (22), thirty-two (32), or twenty-eight (28) units of NPH is too great for Plaintiff to believe this to be a mere mistake or accident. No one could possibly know or even guess the effects (long-term) of being overdosed to such a degree three times has had on Plaintiff's pancreas and other vital organs.

Plaintiff asserts claims under the Eighth Amendment to the United States Constitution because he is an African American Black Male who is in prison being attended to by predominately white women who hold prejudice against the African American Black culture. Had these women (nurses) not been found out, who knows the amount of diabetics similarly posited would be targeted. These attempts were made on Plaintiff's life. Plaintiff is quite positive that no rule or law exists (municipal or not) that permits such actions.[1]

ECF Doc. 8 at 5-6.

As relief, Plaintiff requests three million dollars ($3,000,000)—"one million for each attempt on Plaintiff's life, along with two million dollars ($2,000,000) for punitive damages." *Id*. at 7.

---

[1] This sentence is new to the amended complaint and does not appear anywhere in the original complaint.

### III.  LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), when a prisoner seeks relief against governmental employees, the Court has an obligation to review the complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(a).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To state a plausible claim for relief, plaintiffs must go beyond merely pleading the sheer possibility of unlawful activity by a defendant; plaintiffs must offer factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  In screening the complaint, the Court reads Plaintiff's *pro se* allegations in a liberal fashion.  *See Haines v. Kerner*, 404 U.S. 519 (1972).

### IV.  DISCUSSION

As Plaintiff was advised in the Court's amend order, a claim against the nurses in their official capacity is essentially a claim against Corizon.  *See e.g., Pesci v.*

*Budz,* 2015 WL 1349711, at *8 (M.D. Fla. Mar. 25, 2015) (an "official capacity" suit against the director of the facility run by GEO Group was essentially an action against GEO Group). A private entity, such as Corizon, that contracts with the state to provide medical services to inmates, is treated as a municipality for purposes of § 1983 claims. *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) ("affirm[ing] the district court's finding that the *Monell* policy or custom requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates").

Under the concept of municipal liability, to state a claim against the nurses in their official capacity, Plaintiff must show (1) "his constitutional rights were violated"; (2) Corizon "had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Thus, Plaintiff must identify a particular municipal "policy" or "custom" that caused the constitutional injury. *Board of County Comm'rs v. Brown,* 520 U.S. 397, 403 (1997); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . . A custom is a practice that is so settled and permanent that it takes

on the force of law." *Wayne v. Jarvis,* 197 F.3d 1098, 1105 (11th Cir. 1999) (quoting *Sewell v. Town of Lake Hamilton,* 117 F.3d 488, 489 (11th Cir. 1997)).

Furthermore, in cases alleging "inaction," a custom arises where the entity fails to correct "the constitutionally offensive actions of its employees" and instead "tacitly authorizes" or "displays deliberate indifference towards the misconduct." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001). Importantly, the entity must have actual or constructive knowledge of the widespread unconstitutional practice to form a custom of indifference, and "random acts or isolated incidents are insufficient." *Depew v. City of St. Marys, Georgia*, 787 F.2d 1496, 1499 (11th Cir. 1986).

In the instant amended complaint, just like in Plaintiff's original complaint, Plaintiff fails to allege Corizon had a custom or policy that was a moving force behind a constitutional violation. There are no allegations to show that what occurred in the three circumstances identified by Plaintiff was anything more than isolated incidents. *See Prieto v. Metro. Dade Cnty*., 718 F. Supp. 934, 938-39 (S.D. Fla. 1989) ("[T]hese four isolated incidents involving only [the plaintiff] fall well short of proving a persistent and widespread practice sufficient to establish a policy or custom."); *Thompson v. Spears*, 336 F.Supp.2d 1224, 1236 (S.D. Fla. 2004) (holding that a plaintiff must produce more than his own claims to prove a custom

under § 1983); *Engelleiter v. Brevard County Sheriff's Dept.*, 290 F.Supp.2d 1300, 1313-14 (M.D. Fla. 2003) (same).

Instead of identifying a policy or custom, Plaintiff states he is "quite positive that no rule or law exists (municipal or not) that permits [the nurse's actions]." ECF Doc. 8 at 6. That allegation suggests that Corizon had proper policies in place but that the Defendant nurses may not have followed them. Thus, even when the Court accepts as true that Plaintiff received higher than prescribed insulin dosages on three (3) occasions, those allegations simply do not support an official capacity claim against the Defendants. Plaintiff's amended complaint, therefore, should be dismissed.

Finally, as the Court told Plaintiff in the amend order, treating Plaintiff's suit as an individual capacity suit does not save his case. Because the Court discussed the deficiencies with such a claim at length in the amend order, for judicial efficiency, the Court will not rehash that law here. *See* ECF Doc. 5. Instead, the Court will focus on the primary problem with such a claim, which is that, at best, the facts alleged show the Defendants were negligent, not deliberately indifferent, in the administration of the insulin. Negligent conduct, however, does not meet the subjective second prong of a deliberate indifference claim.[2] *See Adams v. Poag,* 61

---

[2] As set forth in the amend order, a deliberate indifference claim consists of two elements, one objective and one subjective. The objective element is to show that Plaintiff suffered from a serious risk of harm.

Case No. 3:22cv559-LC-HTC

F.3d 1537, 1545 (11th Cir. 1995) ("To the extent that Dr. DiBenedetto's expert testimony supports the appellees' assertion that Adams was administered inadequate doses of asthma medication, their claim sounds in medical negligence and is an inappropriate basis for attaching section 1983 liability.").

Instead, "to state an Eighth Amendment prison-conditions suit relating to the overdoses, Plaintiff would have to show that the defendants in charge of his insulin were deliberately indifferent to 'an excessive risk to inmate health or safety[.]'". *Pacheco v. Charlotte Cnty. Jail,* 2016 WL 7440873, at *3 (M.D. Fla. Dec. 27, 2016). As the court stated in *Pacheco,* "§ 1983 cannot be used as a tool to bring a generalized negligence-based tort suit in federal court. Instead, it remedies errors of constitutional dimension."  Like this case, in *Pacheco,* "[t]he gravamen of Plaintiff's complaint is that Defendant [] negligently failed to ensure that Plaintiff received the correct insulin dosage at the correct time, resulting in two insulin overdoses."  *Id.* Nonetheless, the court dismissed the case.  *Id.* at *1.

"[T]he subjective prong, 'deliberate indifference,' is a very high bar." *See e.g., Hammonds v. Theakston*, 833 F. App'x 295, 300 (11th Cir. 2020).  It requires facts showing that Defendants' conduct was "grossly inadequate." *Id*. "Deliberate indifference is a state of mind more egregious and culpable than mere negligence." *Bruce v. Gregory*, 2012 WL 5907058, at *5 (M.D. Fla. Nov. 26, 2012) (citing *Estelle v. Gamble,* 429 U.S. 97, 104–106 (1976)).  Thus, "[c]onduct which results from

accidental inadequacy, or which arises from negligence in diagnosis or treatment, or even which is considered medical malpractice under state law, does not constitute deliberate indifference. *Id.* (citing *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)).

Here, even assuming the dosage was incorrect, there are no allegations from which the Court can infer that the Defendant nurses intentionally or "callously and deliberately" administered the wrong dosage. *See Pacheco,* 2016 WL 7440873, at *3. Plaintiff "has offered nothing to show that he was given the wrong dosage of [insulin] as a result of deliberate indifference to his serious medical needs, as opposed to a simple mistake or to negligence by the medical staff at the jail." *See Callaway v. Smith Cnty.*, 991 F.Supp. 801, 809 (E.D. Tex. 1998) (finding Eighth and Fourteenth Amendment rights of inmate were not violated when he was not given correct dosage of medication).

This is not a circumstance, for example, where Plaintiff told the nurses the dosage was wrong at the time the insulin was being administered and the nurses ignored him. Even if Defendants' conduct amounted to medical malpractice, that would still not be enough to establish a constitutional violation. *See Loveland v. Thomas*, 2016 WL 3926494, at *3 (M.D. Fla. July 21, 2016) (citing *Estelle*, 429 U.S. at 107) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Therefore, allowing Plaintiff to amend his

complaint to add an individual capacity claim would be futile. *See Bruce,* 2012 WL 5907058, at *5 (finding plaintiff's claim that he was "often denied necessary blood sugar monitoring for his advanced diabetes and that his insulin was frequently administered hours late, resulting in frequent dizziness and other symptoms associated with improper timing and amount of insulin injections," did not show defendants acted with deliberate indifference).

## V. CONCLUSION

For the reasons set forth above, the undersigned finds this case should be dismissed *sua sponte*, for failure to state a claim. The undersigned also finds allowing Plaintiff an additional opportunity to amend to be futile.

Accordingly, it is respectfully RECOMMENDED that:

1. Plaintiff's amended complaint (ECF Doc. 8) be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 13th day of May, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

      Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.